David A. Bahr, D.D.C. Bar # OR0001
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Tel: 541-556-6439
Email: davebahr@mindspring.com

*Plaintiff's Attorney*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**THE WILDERNESS SOCIETY,**
a District of Columbia non-profit corporation, 1615 M Street N.W., Washington, DC 20036,

     Plaintiff,

  v.

**UNITED STATES DEPARTMENT OF INTERIOR,**
an agency of the United States of America, 1849 C Street, N.W., Washington DC 20240,

     Defendant.

**Civil Action No.:** 1:18-cv-1089

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, The Wilderness Society ("TWS"), alleges as follows:

### INTRODUCTION

1.    In this action, brought pursuant to the Freedom of Information Act ("FOIA" or "the Act"), 5 U.S.C. § 552 *et. seq.*, or, in the alternative, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq.*, TWS challenges the unlawful acts of the United States Bureau of Land Management ("BLM"), acting on behalf of the Defendant United States Department of Interior ("DOI" or "the Agency") as well as unlawful acts of the DOI itself in relation to TWS's multiple

FOIA requests to BLM and DOI and appeals to DOI as described below.

**2.**     The United States is one of the largest energy asset managers in the world.  Public lands owned by the United States produce about 40 percent of all domestic coal production, 15 percent of natural gas and 20 percent of crude oil. The BLM alone manages more than 700 million acres of mineral estate.

**3.**     The public lands also support other important uses.  Americans enjoy public lands for hiking, camping, hunting, fishing, and other recreational pursuits.  For economic benefits, outdoor recreation in the United States generates $887 billion in revenue and supports seven million jobs annually.  For scientific benefits, the public engages in research and assists with the management of public lands, including ecological studies and wildlife inventories.

**4.**     Additionally, undeveloped public lands provide social benefits free of charge — but with significant value — in the form of ecosystem services, including air and water filtration, climate regulation, pest control, and seed dispersal. Without healthy ecosystems, taxpayers, businesses, and governments incur damage or costs to repair or replace these ecosystem services.

**5.**     The American public also has a profound interest in the Earth's changing climate. Energy development on public lands directly impacts the pace and severity of climate change, which, in turn, affects the future viability of plants, animals, water, and human life.  Oil, gas and coal from public lands and waters emit more than one-fifth of U.S.-based carbon emissions.

**6.**     Nevertheless, the majority of public lands are currently available for energy development. More than 90 percent of multiple-use public lands and minerals are open for oil, gas and coal development under current land use plans — regardless of development potential, climate emissions or likely conflicts with other uses.

**7.**      Unbridled energy development directly conflicts with the American public's recreational

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

interests, the health and resilience of ecosystems and wildlife habitat, and national efforts to slow climate change.

8.      President Donald Trump on March 28, 2017, issued Executive Order 13783, "Promoting Energy Independence and Economic Growth." The executive order sets out a plan to remove environmental protections that "potentially burden the development or use of domestically produced energy resources, with particular attention to oil, natural gas, coal, and nuclear energy resources." 82 Fed. Reg. 16093 (2017). The following day, Secretary of the Interior Ryan Zinke issued Secretarial Order 3349, "American Energy Independence," to carry out the President's Executive Order by "review[ing] all existing regulations, orders, guidance documents, policies, and any other similar actions that potentially burden the development or utilization of domestically produced energy resources."

9.      As of the date of this Complaint, the President and the Department of the Interior have disclosed little to the public regarding the actions they plan to take — or already have taken — to implement those publicly announced orders. The President and the Department also have failed to disclose the input received from industry or non-governmental organizations during deliberations over those decisions, nor have they disclosed the rationale behind any actions taken.  Under the Freedom of Information Act (FOIA), the public has the right to know about the government's "energy independence" and "energy burden" activities, reports, and agency modifications.

10.     TWS submitted the FOIA requests and appeals at issue in this case, in part, so that it could disseminate to the public the Trump Administration's plans for "energy dominance," and to provide meaningful input on federal agency compliance with federal laws and policies regarding energy development.  Obtaining this critical information will inform the public

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

discourse regarding the future of energy development on public lands — information that otherwise would not be widely available to, or disseminated to, the public.

11.      At issue in this Complaint are 21 FOIA requests that TWS filed with DOI since April of 2017.  Of those 21 FOIA requests, DOI has failed to disclose the requested documents for 19 of those requests, a violation of FOIA's 20-day decision deadline mandate.  For the other two requests, DOI has failed to respond to TWS' appeals regarding completely redacted or incomplete responses.  In this Complaint, TWS will collectively refer to these 21 FOIA requests as "pending FOIA requests and appeals."

12.      Defendant's actions in relation to TWS's FOIA requests and appeals violate FOIA in several ways.  First, Defendant failed to make timely determinations regarding TWS's FOIA requests and appeals. Second, Defendant failed to conduct an adequate search for records responsive to TWS's FOIA requests. Third, Defendant failed to acknowledge receipt of TWS's FOIA requests and appeals, and to provide TWS the required tracking numbers.  Fourth, DOI failed to provide TWS with estimated dates ("ECDs") by which DOI would make a determination on TWS's FOIA requests and appeals.  Fifth, Defendant failed to provide TWS with ECDs for its requests and appeals.

13.      These failures amount to illegal, constructive withholding of records responsive to TWS's FOIA requests and present a pattern, practice or policy of failing to comply with FOIA.

14.      Each of these unlawful actions violate FOIA, or, in the alternative, the APA.

15.      Because TWS is engaged in ongoing public outreach, education campaigns, and government accountability efforts regarding federal compliance with environmental and energy laws, DOI's repeated failures to comply with FOIA frustrate TWS's mission and the functions that Congress enacted FOIA to foster.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

16.     Accordingly, TWS seeks a declaration from this Court that DOI has violated FOIA, or in the alternative, the APA. TWS also seeks an order from this Court that directs DOI to promptly provide TWS with the records requested herein.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

17.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

18.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for all FOIA cases in the District of Columbia.

19.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

20.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

21.     Founded in 1935, TWS is a nonprofit organization dedicated to protecting wilderness and public lands, and to inspire Americans to care for this country's wild places.  TWS members and staff enjoy a myriad of recreation and other opportunities on public lands. TWS members and staff frequently engage federal land management agencies, Congress, and the public to protect and conserve America's public lands.

22.     Because energy development on public lands can negatively impact TWS' members and organizational interests, TWS actively engages in the development of rules, regulations, and management plans regarding the extraction of oil, gas, and coal on public lands. The records at issue in this FOIA action are requested in support of these efforts.  Because the information

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

requested had not been publicly disclosed, its disclosure would significantly enhance public understanding of DOI's plans for energy development on public lands. The data sought herein are new information that have not previously been disclosed. Disclosing the information will increase public understanding of the subject above the level that currently exists.

23.     The above-described interests of TWS and its members have been, are being, and, unless the relief requested herein is granted, will continue to be adversely affected by DOI's disregard for its statutory duties under FOIA and by the unlawful harm that results. DOI's failure to fully implement FOIA injures the interests of TWS and its members and the relief requested in this lawsuit will redress these injuries.

24.     Defendant DOI is an agency of the executive branch of the United States government, and is in possession, custody, or control of the records sought by TWS, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f). The BLM is an administrative component of the DOI.

## STATUTORY BACKGROUND

25.     FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A),

26.     If the requester appeals an agency's determination, the agency must make a determination with respect to that appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii). The 20-business-day period commences on the date on which the request is first received by the

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

appropriate component of the agency, "but in any event not later than ten days after the request is first received by any component of the agency" that is designated in the agency's regulations to receive requests under FOIA. *Id.*

27.    Congress set forth the circumstances in which federal agencies may take longer than 20 business days to make a determination. First, the agency may toll the 20 business-day deadline for up to ten additional business days while the agency is waiting for clarification of the original request that it has reasonably requested from the requester. 5 U.S.C. § 552(a)(6)(A)(ii)(I).

28.    Second, the agency may also toll the 20 business-day deadline for up to ten additional business days if it needs to clarify with the requester any issues regarding fee assessment. 5 U.S.C. § 552(a)(6)(A)(ii)(II). If the agency faces "unusual circumstances," the agency may extend the 20-business-day deadline if the agency sets "forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). No extension will exceed 10 business days unless the agency provides written notice to the requester explaining the "unusual circumstances" requiring an extension, establishes the date on which the agency expects to make the determination, and gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

29.    Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or "the need for consultations … with another agency having a substantial interest in the

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

30.     If the agency fails to meet the disclosure deadlines established by FOIA, including the deadline to determine within 20 business days whether to respond to the request, the agency may not charge the requester for the costs incurred in searching for or duplicating the requested documents unless unusual or exceptional circumstances apply. 5 U.S.C. § 552(a)(4)(A)(viii).

31.     Unless an agency subject to FOIA properly establishes a different timeline for disclosing responsive records, FOIA's mandate to make public records "promptly available" to a requester requires federal agencies to provide responsive records to a requester within or shortly after the 20-business-day deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

32.     FOIA mandates that every federal agency "(A) establish a system to assign an individualized tracking number for each request received that will take longer than ten days to process and provide to each person making a request the tracking number assigned to the request; and (B) establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including—(i) the date on which the agency originally received the request; and (ii) an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7).

33.     A U.S. district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

34.     If the government can show that "exceptional circumstances" exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C. § 552(a)(6)(C)(i).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

Notably, the term "exceptional circumstances" does *not* include a delay that results from a predictable agency workload of FOIA requests, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

**35.**     Agency action arising under FOIA has also been subject to judicial review under the APA.

**36.**     Under the judicial review provisions of the APA, district courts are authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or made without observation of required procedures. 5 U.S.C. § 706(2).

## EXECUTIVE AND DOI SECRETARIAL ORDERS AND REPORTS
### Reports Originating from Executive Order 13783

**37.**     On March 28, 2017, President Trump issued Executive Order 13783, "Promoting Energy Independence and Economic Growth." 82 Fed. Reg. 16093..

**38.**     Section 1(c) of Executive Order 13783 stated that "it is the policy of the United States that executive departments and agencies (agencies) immediately review existing regulations that potentially burden the development or use of domestically produced energy resources and appropriately suspend, revise, or rescind those that unduly burden the development of domestic energy resources beyond the degree necessary to protect the public interest or otherwise comply with the law."

**39.**     The Executive Order then required various agencies, including the Department of Interior, to produce a series of reports.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

40.     Section 2(a) of Executive Order 13783 stated: "The heads of agencies shall review all existing regulations, orders, guidance documents, policies, and any other similar agency actions (collectively, agency actions) that potentially burden the development or use of domestically produced energy resources, with particular attention to oil, natural gas, coal, and nuclear energy resources."

### Executive Order 13783 45-Day Report

41.     Section 2(c) of Executive Order 13783 stated: "Within 45 days of the date of this order, the head of each agency with agency actions described in subsection (a) of this section shall develop and submit to the Director of the Office of Management and Budget (OMB Director) a plan to carry out the review required by subsection (a) of this section. The plans shall also be sent to the Vice President, the Assistant to the President for Economic Policy, the Assistant to the President for Domestic Policy, and the Chair of the Council on Environmental Quality."

### Executive Order 13783 120-Day Report

42.     Section 2(d) of Executive Order 13783 stated: "Within 120 days of the date of this order, the head of each agency shall submit a draft final report detailing the agency actions described in subsection (a) of this section to the Vice President, the OMB Director, the Assistant to the President for Economic Policy, the Assistant to the President for Domestic Policy, and the Chair of the Council on Environmental Quality. The report shall include specific recommendations that, to the extent permitted by law, could alleviate or eliminate aspects of agency actions that burden domestic energy production."

### Executive Order 13783 180-Day Report

43.     Section 2(e) of Executive Order 13783 stated: "The report shall be finalized within 180 days of the date of this order, unless the OMB Director, in consultation with the other officials

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

who receive the draft final reports, extends that deadline."

## Reports Originating from Secretarial Order 3349

44.     On March 29, 2017, a day after President Trump issued Executive Order 13783,

Secretary of the Interior Ryan Zinke issued Secretarial Order 3349. "This Order implements the

review of agency action directed by an Executive Order signed by the President on March 28,

2017, and entitled 'Promoting Energy Independence and Economic Growth.' (March 28, 2017

E.O.) It also directs a reexamination of the mitigation policies and practices across the

Department of the Interior …"

## Secretarial Order 3349 Mitigation Policy Review

45.     Section 5(a) of Secretarial Order 3349 requires a "Mitigation Policy Review" by the

Department of the Interior.

## Secretarial Order 3349 14-Day Mitigation Report

46.     Section 5(a)(i) stated: "Within 14 days of the date of this Order, each bureau and office

head shall provide to the Deputy Secretary, through their Assistant Secretary, all Department

Actions they have adopted or are in the process of developing relating to (1) the Presidential

Memorandum dated November 3, 2015, "Mitigating Impacts on Natural Resources from

Development and Encouraging Related Private Investment" and (2) Secretary's Order 3330."

## Secretarial Order 3349 90-Day Mitigation Report

47.     Section 5(a)(iii) stated: "Within 90 days of the date of this Order, each bureau and office

required to reconsider, modify, or rescind any such Department Action, shall submit to the

Deputy Secretary, through their Assistant Secretary, a draft revised or substitute Department

Action for review."

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## Secretarial Order 3349 Climate Change Policy Review

**48.**     Section 5(b) of Secretarial Order 3349 required a "Climate Change Policy Review" by

the Department of the Interior.

## Secretarial Order 3349 14-Day Climate Change Report

**49.**     Section 5(b)(i) stated: "Within 14 days of the date of this Order, each bureau and office

head shall provide to the Deputy Secretary, through their Assistant Secretary, all Department

Actions they have adopted, or are in the process of developing, relating to the Presidential

Actions, reports, and guidance that are rescinded by the March 28, 2017 E.O...."

## Secretarial Order 3349 90-Day Climate Change Report

**50.**     Section 5(b)(iii) stated: "Within 90 days of the date of this Order, each bureau and office

required to reconsider, modify, or rescind any such Department Action, shall submit to the

Deputy Secretary, through their Assistant Secretary, a draft revised or substitute Department

Action, for review."

## Secretarial Order 3349 Review of Other Department Actions
## Impacting Energy Development

**51.**     Section 5(c) of Secretarial Order 3349 is entitled "Review of Other Department Actions

Impacting Energy Development."

## Secretarial Order 3349 21-Day Report on Energy Burdens

**52.**     Section 5(c)(v) of Secretarial Order 3349 stated: "Within 21 days, each bureau and office

head shall provide to the Deputy Secretary, through their Assistant Secretary, a report that

identifies all existing Department Actions issued by their bureau or office that potentially burden

(as that term is defined in the March 28, 2017 E.O.) the development or utilization of

domestically produced energy resources, with particular attention to oil, natural gas, coal, and

nuclear resources."

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**Secretarial Order 3349 35-Day Report on Plan to Review Department Actions**

**53.**     Section 5(c)(vi) stated: "Within 35 days, the Deputy Secretary shall provide to me a plan to complete the review of Department Actions contemplated by Section 2 of the March 28, 2017 E.O. The plan must meet all objectives and time lines set forth in the March 28, 2017 E.O."

**STATEMENT OF FACTS**
**FOIA Requests for Executive Order 13783 45-Day Reports and Associated Records**

**54.**     On May 11, 2017, TWS, pursuant to the FOIA, requested copies of the 45-day reports from DOI and BLM.

**55.**     On May 25, 2017, DOI confirmed receipt of the FOIA request with a tracking number of OS-2017-00560.

**56.**     TWS sent follow up letters and requests for estimated completion dates ("ECDs") to DOI on January 5, 2018, January 31, 2018, and March 9, 2018.

**57.**     DOI has not produced for TWS the 45-day Report requested on May 11, 2017, which is a violation of the FOIA.

**58.**     On July 27, 2017, BLM issued a FOIA decision stating that "we have determined that the [BLM] has no records responsive to your request."

**59.**     On September 18, 2017, TWS appealed that decision within 90 working days through the process outlined in BLM's response of July 27, 2017.

**60.**     BLM has yet to respond to TWS' appeal of September 18, 2017, which is a violation of the FOIA.

**61.**     On May 23, 2017, TWS, pursuant to the FOIA, requested all agency correspondence from DOI and BLM regarding production of the 45-day reports.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**62.**     DOI confirmed receipt of the request on June 1, 2017, assigning it a tracking number of

OS-2017-00602.

**63.**     TWS sent follow up letters and requests for ECDs to DOI on January 19, 2018, February

5, 2018, and March 9, 2018.

**64.**     DOI has not produced for TWS the correspondence requested on May 23, 2017, which is

a violatio**n** of the FOIA.

**65.**     BLM confirmed receipt of the correspondence request on June 9, 2017, but did not assign

it tracking number of 2018-00412 until January 31, 2018, after TWS forced the issue through

follow up letters and requests for ECDs on January 10, 2018 and January 31, 2018.

**66.**     TWS sent BLM another follow up letter and request for an ECD on February 26, 2018.

**67.**     BLM has not produced the correspondence requested on May 23, 2017, which is a

violation **o**f the FOIA.

**FOIA Requests for Executive Order 13783 120-Day Reports and Associated Records**

**68.**     On July 27, 2017, 121 days after issuance of the Executive Order, TWS, pursuant to the

FOIA, requested copies of the 120-day reports from both DOI and BLM.

**69.**     DOI confirmed receipt of the request on July 28, 2017, assigning it tracking number OS-

2017-00935.

**70.**     TWS sent DOI follow up letters and requests for ECDs on December 28, 2017, January

18, 2018, and February 27, 2018.

**71.**      DOI has not produced to TWS the 120-day report requested on July 27, 2017, which is a

violatio**n** of the FOIA.

**72.**     BLM failed for 7 months to confirm to TWS that it had received a FOIA request for the

120-day report.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**73.**     TWS sent follow up letters and requests for ECDs to BLM on December 28, 2017, January 23, 2018, and February 26, 2018.

**74.**     Finally, on March 19, 2018, BLM confirmed the request for the 120-day report originally made on July 27, 2017, but unlawfully changed the acknowledgment date to February 26, 2018.

**75.**     BLM has not produced for TWS the 120-day report requested on July 27, 2017, which is a violation of the FOIA.

**76.**     On July 27, 2017, TWS, pursuant to the FOIA, requested from both DOI and BLM copies of agency correspondence related to the 120-day reports.

**77.**     DOI confirmed receipt of the request on July 28, 2017, assigning it tracking number OS-2017-00936.

**78.**     TWS sent DOI follow up letters and requests for ECDs on December 28, 2017, January 18, 2018, and February 27, 2018.

**79.**     DOI has not produced to TWS the correspondence requested on July 27, 2017, which is a violation of the FOIA.

**80.**     BLM failed for 7 months to confirm to TWS that it had received the same FOIA request for correspondence related to the 120-day report.

**81.**     TWS sent BLM follow up letters and requests for ECDs on December 28, 2017, January 23, 2018, and February 26, 2018.

**82.**     Finally, on March 19, 2018, BLM confirmed the request originally made on July 27, 2017, but unlawfully changed the acknowledgement date to February 26, 2018.

**83.**     BLM has not produced for TWS the correspondence requested on July 27, 2017, which is a violation of the FOIA.

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**FOIA Requests for Executive Order 13783 180-Day Reports and
Associated Records**

**84.**     On September 26, 2017, 182 days after issuance of the Executive Order, TWS, pursuant

to the FOIA, requested the 180-day report from DOI.

**85.**     DOI confirmed receipt of the request on October 12, 2017, assigning it tracking number

OS-2017-01268.

**86.**     DOI publicly released the 180-day Report on its web site on October 25, 2017, but never

officially responded to TWS' request for the report, nor notified TWS of where the report could

be found, which is a violatio**n** of the FOIA.

**87.**     On September 26, 2017, TWS, pursuant to the FOIA, requested from DOI the

correspondence related to production of the 180-day report.

**88.**     DOI confirmed receipt of the request on October 12, 2017, and then combined that

separate request for correspondence with the earlier request for the 180-day report, assigning it

the same tracking number, OS-2017-01268.

**89.**     TWS sent DOI follow up letters and requests for ECDs on December 28, 2017, January

19, 2018, and February 27, 2018.

**90.**     DOI has not produced for TWS the correspondence requested on September 26, 2017,

which is a violation of the FOIA.

**FOIA Requests for Secretarial Order 3349 14-Day Mitigation Reports**

**91.**     On April 28, 2017, 30 days after issuance of the Secretarial Order, TWS, pursuant to the

FOIA, requested copies of the 14-day reports from both DOI and BLM.

**92.**     DOI confirmed receipt of the request on May 25, 2017, assigning it tracking number OS-

2017-**00**494.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**93.**     TWS sent DOI follow up letters and requests for ECDs on December 28, 2017, January 18, 2018, and February 27, 2018.

**94.**     DOI has not produced to TWS the document requested on April 28, 2017, which is a violation of the FOIA.

**95.**     BLM confirmed receipt of the request on August 22, 2017, assigning it a tracking number of 2017-00878.

**96.**     TWS sent BLM follow up letters and requests for ECDs on January 5, 2018, January 23, 2018, and February 26, 2018.

**97.**      BLM has not produced to TWS the document requested on April 28, 2017, which is a violation of the FOIA.

**FOIA Requests for Secretarial Order 3349 90-Day Mitigation Report**

**98.**     On July 7, 2017, 100 days after issuance of the Secretarial Order, TWS, pursuant to the FOIA, requested the 90-day reports from both DOI and BLM.

**99.**     DOI confirmed receipt of the request on August 14, 2017, assigning it tracking number of OS-2017-00813.

**100.**     TWS sent DOI follow up letters and requests for ECDs on December 28, 2017, January 18, 2018, and February 27, 2018.

**101.**     DOI has not produced to TWS the documents requested on July 7, 2017, which is a violation of the FOIA.

**102.**     BLM failed for 7 months to confirm to TWS that it had received the same FOIA request for the 90-day report.

**103.**     TWS sent BLM follow-up letters and requests for ECDs on January 10, 2018, and February 5, 2018.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**104.** Finally, on February 6, 2018, BLM confirmed receipt of the request, assigning it a tracking number of 2018-00432.

**105.** TWS sent BLM another follow up letter and request for an ECD on March 9, 2018.

**106.** BLM has not produced to TWS the document requested on July 7, 2017, which is a violation of the FOIA.

### FOIA Requests for Secretarial Order 3349 Climate Change Policy Review and 14-Day Climate Change Report

**107.** On April 28, 2017, 30 days after issuance of the Secretarial Order, TWS, pursuant to the FOIA, requested the 14-day reports from both DOI and BLM.

**108.** DOI confirmed receipt of the request on May 25, 2017, and mistakenly combined it with the request for the 14-day report on mitigation addressed above in  paragraph 91, assigning it the same tracking number of OS-2017-00494 it had assigned to the request for the 14-day report on mitigation.

**109.** TWS sent DOI follow up letters and requests for ECDs on December 28, 2017, January 18, 2018, and February 27, 2018.

**110.** DOI has not produced to TWS the document requested on April 28, 2017, which is a violation of the FOIA.

**111.** BLM confirmed receipt of the request on August 28, 2017, assigning it a tracking number of 2017-00877.

**112.** On February 9, 2018, the BLM responded with a "final response" letter regarding the FOIA request.

**113.** BLM redacted the entire 10-page document, with the exception of the header on the first page.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

114.    The BLM's letter stated: "The materials that have been withheld under the deliberative process privilege of Exemption 5 are both pre-decisional and deliberative."

115.    The redacted document had been attached to an email authored by Michael Nedd on August 23, 2017, with the file name, "BLM_RESPONSE_SO_3349_signed_final.pdf"

116.    The file name indicates that the document is the "signed" and "final" "response" by "BLM" to Secretarial Order 3349.

117.    Because it is a final, signed report, the internal deliberations had been completed, and the deciding official has signed off on the report. Therefore, the report may not be withheld under FOIA Exemption 5.

118.    TWS timely appealed the BLM's decision on March 6, 2018.

119.    On March 9, 2018, the BLM verbally confirmed to TWS that the agency received the appeal on March 6, 2018, and it was assigned Appeal #2018-085.

120.    BLM has not responded to TWS' appeal, which is a violation of the FOIA.

**FOIA Requests for Secretarial Order 3349 90-Day Climate Change Report**

121.    On July 7, 2017, in the same FOIA request for the mitigation report referenced in paragraph 98 above, TWS, pursuant to the FOIA, requested the 90-day climate change reports from both DOI and BLM.

122.    DOI confirmed receipt of the request on August 14, 2017, assigning it tracking number OS-2017-00813.

123.    TWS sent follow up letters and requests for ECDs on December 28, 2017, January 18, 2018, and February 27, 2018.

124.    DOI has not produced to TWS the documents requested on July 7, 2017, which is a violation of the FOIA.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**125.**   BLM failed for 8 months to confirm to TWS that it had received the same FOIA request for the 90-day report.

**126.**   TWS sent follow up letters and requests for ECDs on January 10, 2018, and February 5, 2018.

**127.**   Finally, BLM confirmed receipt of the original request on February 6, 2018, assigning it a tracking number of 2018-00432**.**

**128.**   TWS sent another follow up letter and request for an ECD on March 9, 2018.

**129.**   BLM has not produced to TWS the document requested on July 7, 2017, which is a violatio**n** of the FOIA.

**FOIA Requests for Review of Other Department Actions Impacting
Energy Development and 21-Day Report on Energy Burdens**

**130.**   On April 27, 2017, 29 days after issuance of the Secretarial Order, TWS, pursuant to the FOIA, requested the 21-day reports from both DOI and BLM.

**131.**   DOI confirmed receipt of the request on May 3, 2017, assigning it tracking number OS-2017-00492.

**132.**   TWS sent follow up letters and requests for ECDs on January 5, 2018, January 31, 2018, and March 9, 2018.

**133.**   DOI has not produced to TWS the document requested on April 27, 2017, which is a violation of the FOIA.

**134.**   BLM confirmed receipt of the request four months later on August 22, 2017, assigning it a tracking number of 2017-00876.

**135.**   TWS sent follow up letters and requests for ECDs on January 5, 2018, January 23, 2018, and February 26, 2018.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**136.**    BLM has not produced to TWS the document requested on April 27, 2017, which is a violation of the FOIA.

**FOIA Requests for 35-Day Report on Plan to Review Department Actions**

**137.**    On May 11, 2017, 43 days after issuance of the Secretarial Order, TWS, pursuant to the FOIA, requested the 35-day report from DOI.

**138.**    DOI confirmed receipt of the request on May 25, 2017, assigning it tracking number OS-2017-00559**.**

**139.**    TWS sent DOI follow up letters and requests for ECDs on January 5, 2018, January 31, 2018, and March 9, 2018.

**140.**    DOI has not produced to TWS the document requested on May 11, 2017, which is a violatio**n** of the FOIA.

**ALLEGATIONS PERTAINING TO ALL REQUESTS AND
APPEALS AT ISSUE HEREIN**

**141.**    The filing of this lawsuit is necessary to compel Defendant to disclose all records that are responsive to TWS's FOIA requests and appeals.

**142.**    TWS's claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**143.**    No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), that would allow this Court to grant Defendant more time to review and disclose requested records.

**144.**    Defendant has not exercised due diligence in searching for and releasing records responsive to TWS's requests and appeals.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**145.** The delays at issue in this case result from a predictable agency workload of FOIA requests. Defendant has not made reasonable progress in reducing its backlog of pending requests.

**146.** The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

**147.** Based on the nature of TWS's professional activities, TWS will continue to employ FOIA's provisions for information requests to BLM and DOI in the foreseeable future. Indeed, TWS has firm and definite plans to submit additional FOIA requests to BLM and DOI in the near future. TWS's professional activities will be adversely affected if BLM or DOI are allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of TWS's legal rights by this Court, BLM and DOI will continue to violate the rights of TWS to receive public records under FOIA.

**148.** TWS has been required to expend costs and to obtain the services of attorneys to prosecute this action.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### CONSTRUCTIVE DENIAL OF FOIA REQUESTS AND
### WITHHOLDING OF INFORMATION

**149.** TWS hereby incorporates by reference the allegations in the preceding paragraphs.

**150.** TWS has a statutory right to the records it seeks, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendant to assert that any of FOIA's nine disclosure exemptions apply to the records requested. *See* 5 U.S.C. § 552(b)(l)-(9).

**151.** Defendant violated TWS's rights under FOIA by failing to comply with the Act's decision deadlines and to make a determination on TWS's FOIA requests and appeals and by

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

thus constructively withholding information responsive to TWS's FOIA requests and appeals.

**152.**    Based on the nature of TWS's professional activities, it will continue to employ FOIA's

provisions for information requests to Defendant in the foreseeable future.

**153.**    TWS's professional activities will be adversely affected if Defendant is allowed to

continue violating FOIA's disclosure provisions as it has in this case.

**154.**    Unless enjoined and made subject to a declaration of TWS's legal rights by this Court,

Defendant will continue to violate the rights of TWS to receive public records under FOIA.

**155.**    TWS is entitled to reasonable costs of litigation, including attorneys' fees and costs

pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**DECISION DEADLINE VIOLATIONS**

**156.**    TWS hereby incorporates by reference the allegations in the preceding paragraphs.

**157.**    TWS has a statutory right to have Defendant process its FOIA requests and appeals in a

manner which complies with FOIA. TWS's rights in this regard were violated when the

Defendant failed to make a determination on TWS's FOIA requests and appeals by the deadlines

imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(ii).

**158.**    Defendant is unlawfully withholding public disclosure of records sought by TWS,

records which are "agency records" within the meaning of FOIA, to which TWS is entitled, and

for which no valid disclosure exemption applies.

**159.**    Based on the nature of TWS's professional activities, it will continue to employ FOIA's

provisions in information requests to Defendant in the foreseeable future.

**160.**    TWS's professional activities will be adversely affected if Defendant allowed to continue

violating FOIA's decision deadlines as it has in this case.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**161.**   Unless enjoined and made subject to a declaration of TWS's legal rights by this Court,

Defendant will continue to violate the rights of TWS to have its information requests processed

as required by FOIA.

**162.**    TWS is entitled to reasonable costs of litigation, including attorney fees pursuant to

FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT III**

**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**FAILURE TO CONDUCT AN ADEQUATE SEARCH**

**163.**   TWS hereby incorporates by reference the allegations in the preceding paragraphs.

**164.**   FOIA requires federal agencies to respond to FOIA requests by conducting a search

reasonably calculated to uncover all relevant documents. An agency must take into account leads

and other positive indications that suggest other records might be located outside the scope of its

original search.

**165.**   Defendant has failed to reasonably search for and disclose documents responsive to

TWS's requests for Executive Order 13783 45-Day Reports and associated records that are in its

possession or control.

**166.**   Defendant violated FOIA and TWS's right to an adequate FOIA search by failing to

conduct a search reasonably calculated to uncover all relevant documents responsive to TWS's

requests for Executive Order 13783 45-Day Reports and associated records..

**167.**   TWS is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5

U.S.C. § 552(a)(4)(E).

/ / /

/ / /

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## COUNT IV

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO INFORM OF DATE OF RECEIPT AND
### PROVIDE TRACKING NUMBER

**168.** TWS hereby incorporates by reference the allegations in the preceding paragraphs.

**169.** FOIA requires federal agencies to acknowledge receipt of requesters' requests and appeals of FOIA determinations, provide requesters with the date upon which the agency received FOIA requests and appeals and provide an individualized tracking number for each request and appeal received that will take longer than ten days to process. 5 U.S.C. §§ 552(a)(7)(A), (B)(i).

**170.** Defendant has repeatedly violated and continues to violate FOIA by failing to acknowledge receipt of many of TWS's pending FOIA requests and appeals, failing to inform TWS of the date on which it received TWS's pending requests or appeals, and failing to inform TWS of the tracking number of the pending requests or appeals.

**171.** TWS is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT V

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL
### COMPLETE ACTION ON PLAINTIFF'S FOIA REQUESTS AND APPEALS

**172.** FOIA requires federal agencies to provide the requester with information about the status of the agency's response to an information request or appeal, including an estimated date on which the agency will complete action on the request or appeal. 5 U.S.C. § 552(a)(7)(B)(ii).

**173.** TWS repeatedly asked Defendant, or its component BLM, for an estimated date on which Defendant would complete action on TWS's administrative requests and appeals. In so doing, TWS constructively invoked 5 U.S.C. § 552(a)(7)(B)(ii).

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

174.    As of the date this action was filed, Defendant has failed to provide an estimated date on

which Defendant would complete action on TWS's pending FOIA requests and appeals.

175.    Defendant has repeatedly violated and continues to violate FOIA by failing to provide

TWS with an estimated date of completion for TWS's pending requests and appeals.

176.    TWS is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5

U.S.C. § 552(a)(4)(E).


### COUNT VI

### VIOLATION OF FOIA AND THE APA:
### ENGAGING IN A PATTERN, PRACTICE OR POLICY OF UNLAWFUL CONDUCT
### OF FAILURE TO PROVIDE ESTIMATED COMPLETION DATES

177.    TWS hereby incorporates by reference the allegations in the preceding paragraphs.

178.    Defendant has adopted and is engaged in a pattern, practice or policy of violating FOIA's

procedural requirements when processing FOIA requests or associated appeals by repeatedly

refusing to issue an estimated date on which it will complete action on information requests or

associated appeals as required by 5 U.S.C. § 552(a)(7)(B)(ii).

179.    Defendant is required by the FOIA and the APA to respond to public information

requests in a manner that discharges certain non-discretionary duties and to carry out its statutory

duties in a manner that is not arbitrary, capricious or an abuse of discretion and not in accordance

with law.

180.    In this case Defendant has engaged in a pattern, practice or policy of violating FOIA in

responding to TWS's information requests or appeals by its failure to provide estimated dates by

which they would be completed.

181.    Defendant's pattern, practice or policy of failing to provide estimated completion dates

for processing information requests or associated appeals violates the intent and purpose of

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

FOIA.

**182.**   Defendant's patterns, practices or policies for processing FOIA requests and appeals have resulted in violations of TWS's rights to the lawful implementation of FOIA as alleged above.

**183.**   Additionally, Defendant's patterns, practices or policies for processing FOIA requests and appeals are likely to result in future violations of FOIA that will harm TWS and its members because TWS is likely to continue seeking public records from Defendant.

**184.**   Defendant's patterns, practices or policies of unlawful conduct in violation of the FOIA's clear requirement to issue an estimated date on which it will complete action on information requests or associated appeals is likely to recur absent intervention by this Court.

**185.**   Defendant's pattern, practice or policy exists, whether formal or informal in nature.

**186.**   FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel Defendant to comply with the clear requirements of FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice or policy.

**187.**   TWS is entitled to a declaration that Defendant's actions violated FOIA and to an injunction barring Defendant from violating FOIA in the future when responding to TWS's FOIA requests or associated appeals. Whether made under FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings.

**188.**   Defendant's unlawful patterns, practices or policies of violating FOIA when responding to TWS's FOIA requests or associated appeals entitles TWS's to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

/ / /

/ / /

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## COUNT VII

### (In the alternative to Counts I through VI)

### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT: FAILING TO COMPLY WITH FOIA IN RESPONDING TO TWS's FOIA REQUESTS AND APPEALS

**189.**　　TWS hereby incorporates by reference the allegations in the preceding paragraphs.

**190.**　　Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue timely final determinations of TWS's FOIA requests and appeals; (2) provide TWS with the specific date it received its requests or appeals; (3) undertake a search reasonably calculated to locate records responsive to TWS's requests for Executive Order 13783 45-Day Reports and associated records; (4) provide TWS with the estimated completion dates for its requests and appeals, and; (5) provide TWS with a tracking number for its requests or appeals.

**191.**　　TWS has been adversely affected and aggrieved by the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to: (1) issue timely final determinations of TWS's FOIA requests and appeals; (2) provide TWS with the specific date it received its requests or appeals; (3) undertake a search reasonably calculated to locate records responsive to TWS's requests for Executive Order 13783 45-Day Reports and associated records; (4) provide TWS with the estimated completion dates for its requests and appeals, and; (5) provide TWS with a tracking number for its requests or appeals, has injured TWS's interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

**192.**　　TWS has suffered a legal wrong as a result of the Defendant's failure to comply with the mandates of FOIA. Defendant DOI's failure and refusal to: (1) issue timely final determinations of TWS's FOIA requests and appeals; (2) provide TWS with the specific date it received its

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

requests or appeals; (3) undertake a search reasonably calculated to locate records responsive to

TWS's requests for Executive Order 13783 45-Day Reports and associated records; (4) provide

TWS with the estimated completion dates for its requests and appeals, and; (5) provide TWS

with a tracking number for its requests or appeals, has injured TWS's interests in public

oversight of governmental operations and constitute a violation of Defendant's statutory duties

under the APA.

193.    Defendant's failure and refusal to: (1) issue timely final determinations of TWS's FOIA

requests and appeals; (2) provide TWS with the specific date it received its requests or appeals;

(3) undertake a search reasonably calculated to locate records responsive to TWS's requests for

Executive Order 13783 45-Day Reports and associated records; (4) provide TWS with the

estimated completion dates for its requests and appeals, and; (5) provide TWS with a tracking

number for its requests or appeals, constitutes agency action unlawfully withheld and

unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

194.    Alternatively, Defendant's failure and refusal to: (1) issue timely final determinations of

TWS's FOIA requests and appeals; (2) provide TWS with the specific date it received its

requests or appeals; (3) undertake a search reasonably calculated to locate records responsive to

TWS's requests for Executive Order 13783 45-Day Reports and associated records; (4) provide

TWS with the estimated completion dates for its requests and appeals, and; (5) provide TWS

with a tracking number for its requests or appeals, is a violation of FOIA and is therefore

arbitrary, capricious, or an abuse of discretion and not in accordance with law, and is therefore

actionable pursuant to the APA, 5 U.S.C. § 706(2).

195.    TWS is entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§

702, 706.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**196.** TWS is entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## REQUESTS FOR RELIEF

WHEREFORE, TWS requests that this Court:

**1.** Adjudge and declare that Defendant has violated FOIA for the reasons set forth above;

**2.** Order Defendant to comply immediately with FOIA by conducting an adequate search for responsive records, and by providing TWS all non-exempt public records subject to TWS's FOIA request and appeals;

**3.** Declare that Defendant has engaged in an unlawful pattern or practice of violating FOIA when responding to TWS's FOIA requests and appeals;

**4.** Enjoin Defendant from continuing that unlawful pattern or practice of violating FOIA when responding to TWS's future FOIA requests for documents;

**5.** Award TWS its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or award TWS its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412;

**6.** Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**7.** Grant such further and additional relief as this Court may deem just and proper.

Respectfully submitted for the Court's consideration, this 9th day of May, 2018.

/s/ _David A Bahr____
David A. Bahr, D.D.C. Bar #OR0001
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Tel: 541-556-6439
Email: davebahr@mindspring.com

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439